UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

NEIL M. JOHNSON,

    Plaintiff,

v.

COMFORT RESIDENTIAL PARTNERS, LLC, et al.,

    Defendants.

3:09-CV-0759-LRH-RAM

<u>ORDER</u>

Before the court is defendants Comfort Residential Partners ("Comfort") and Charles Markley's ("Markley") motion to dismiss for lack of subject matter jurisdiction filed on June 3, 2010. Doc. #36. Plaintiff Neil M. Johnson ("Johnson") filed an opposition to the motion (Doc. #38) and a cross-motion for summary judgment (Doc. #39) on June 7, 2010.

**I.     Facts and Procedural History**

Johnson purchased real property that was developed and sold by defendant Comfort. On February 25, 2010, Johnson filed a construction defect action against defendants in federal court alleging six causes of action: (1) breach of contract; (2) breach of duty of good faith and fair dealing; (3) breach of express warranties; (4) breach of implied warranty of merchantability; (5) negligence; and (6) negligent misrepresentation. Doc. #5.

Thereafter, moving defendants filed the present motion to dismiss for lack of subject matter jurisdiction. Doc. #36.

## II. Discussion

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

A motion to dismiss pursuant to Rule 12(b)(1) may be brought as a factual challenge or as a facial challenge. *Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Here, defendants facially challenge the allegations in Johnson's complaint and argue that they are insufficient on their face to invoke federal subject matter jurisdiction.

### A. Federal Question Jurisdiction

An action may be brought in federal court if the action arises under federal law. 28 U.S.C. § 1331. A case arises under federal law if the complaint establishes either that federal law created the cause of action, or that the plaintiff's right to relief "requires resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983); *see also, Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987).

1  Here, Johnson's complaint alleges six causes of action: (1) breach of contract; (2) breach of
2  duty of good faith and fair dealing; (3) breach of express warranties; (4) breach of implied warranty
3  of merchantability; (5) negligence; and (6) negligent misrepresentation. Doc. #5. Based on the face
4  of the complaint, Johnson alleges only state law claims insufficient to establish federal question
5  jurisdiction.
6  Additionally, the court finds that none of Johnson's claims are rooted in federal law. *See*
7  *Grable & Sons Metal Prod. v. Darue Engineering & MFG.*, 545 U.S 308, 312 (2005) (federal
8  question jurisdiction will lie over state law claims that implicate significant federal issues).
9  Accordingly, the court cannot exercise federal question jurisdiction over Johnson's complaint.
10 **B. Diversity Jurisdiction**
11 A federal district court has jurisdiction over any civil action in which the amount in
12 controversy exceeds $75,000 and there is complete diversity between the parties.
13 28 U.S.C. § 1332(a)(1).
14 Here, Johnson's complaint alleges that he is a citizen of the state of Nevada. *See* Doc. #5.
15 Further, the complaint alleges that defendant Comfort along with defendants Truckee River
16 Highlands HOA, LLC; Don Glenn; Janet Kraustrunk; and Incline Property Management, LLC are
17 also citizens of the state of Nevada. *Id*. Thus, there is no complete diversity between the parties and
18 the court cannot exercise diversity jurisdiction in this matter. Accordingly, the court shall grant
19 moving defendants' motion to dismiss for lack of subject matter jurisdiction and dismiss Johnson's
20 complaint in its entirety.
21 \\\
22 \\\
23 \\\
24 \\\
25 \\\
26

3

1       IT IS THEREFORE ORDERED that defendants' motion to dismiss for lack of subject
2  matter jurisdiction (Doc. #36) is GRANTED. Plaintiff's complaint is DISMISSED without
3  prejudice.
4       IT IS FURTHER ORDERED that plaintiff's cross-motion for summary judgment
5  (Doc. #39) is DENIED.
6       IT IS FURTHER ORDERED that the clerk of court shall enter judgment accordingly.
7       IT IS SO ORDERED.
8       DATED this 20th day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4