UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

NEIL M. JOHNSON,

    Plaintiff,

v.

COMFORT RESIDENTIAL PARTNERS, LLC, et al.,

    Defendants.

3:09-CV-0759-LRH-RAM

ORDER

    Before the court is plaintiff Neil M. Johnson's ("Johnson") motion to reconsider the court's order granting defendants Comfort Residential Partners ("Comfort") and Charles Markley's ("Markley") motion to dismiss for lack of subject matter jurisdiction. Doc. #53.[1]

## I.    Facts and Procedural History

    Johnson purchased real property that was developed and sold by defendant Comfort. On February 25, 2010, Johnson filed a construction defect action against defendants in federal court alleging six causes of action: (1) breach of contract; (2) breach of duty of good faith and fair dealing; (3) breach of express warranties; (4) breach of implied warranty of merchantability; (5) negligence; and (6) negligent misrepresentation. Doc. #5.

    Subsequently, on June 3, 2010, defendants filed a motion to dismiss for lack of subject

---

[1] Refers to the court's docket number.

matter jurisdiction (Doc. #36) which was granted by the court (Doc. #42). Thereafter, Johnson filed the present motion for reconsideration. Doc. #53.

**II.     Discussion**

Johnson brings his motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Rule 60(b) provides that a district court may relieve a party from a final judgment or order. Relief from judgment is appropriate upon a showing of mistake, newly discovered evidence, fraud, or excusable neglect. FED. R. CIV. P. 60(b); *see also, Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223 (9th Cir. 2000). In his motion, Johnson argues relief is appropriate because the court based its finding that it could not exercise diversity jurisdiction, and therefore, there was no subject matter jurisdiction over his complaint, on the citizenship of parties who are not defendants in this action. *See* Doc. #53.

In the court's July 20, 2010 order granting defendants' motion to dismiss for lack of subject matter jurisdiction, the court held that it could not exercise diversity jurisdiction in this action under 28 U.S.C. § 1332(a)(1) because Johnson's complaint alleged that he, along with defendants Comfort; Truckee River Highlands HOA, LLC; Don Glenn; Janet Kraustrunk; and Incline Property Management, LLC are all citizens of the state of Nevada. Doc. #42. In that order, the court erred in finding that Truckee River Highlands HOA, LLC; Don Glenn; Janet Kraustrunk; and Incline Property Management, LLC were defendants in this action. These parties are defendants in another action involving Johnson and are not defendants in this action. Therefore, their citizenship was improperly addressed by the court in its discussion of diversity jurisdiction.

However, Comfort, who is a defendant in this action and was addressed in the court's order, is a company incorporated in the state of Nevada. Further its citizenship has not been challenged by Johnson. Thus, even though the court addressed the citizenship of individuals who are not defendants in this action, the court's finding that it could not exercise diversity jurisdiction is proper because there is still no true diversity between the parties. Accordingly, the court shall deny

2

1  Johnson's motion for reconsideration.

3      IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #53) is
4  DENIED.

5      IT IS SO ORDERED.

6      DATED this 22nd day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE